IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| In re: § | |
| § | CHAPTER 7 CASE |
| RNS-CRANE, L.L.P., § | |
| § | CASE NO. 25-70088 |
| Debtor. § | |

**REQUEST BY SASHA CRANE FOR PRODUCTION OF DOCUMENTS TO
RNS-CRANE, L.L.P. UNDER RULE 2004**

TO:   RNS-Crane, L.L.P.
      by and through its counsel of record
      **Johnie J Patterson**
      Walker & Patterson,P.C.
      P.O. Box 61301
      Houston, TX 77208-1301
      713-956-5577
      Fax: 713-956-5570
      Email: jjp@walkerandpatterson.com

PLEASE TAKE NOTICE that the undersigned attorneys for **Sasha Crane ("Ms. Crane")**, a creditor and party-in-interest in the above-styled and referenced case, , hereby request that pursuant to Federal Rule of Bankruptcy Procedure 2004 and the instructions set forth in Exhibit "A", RNS-Crane, L.L.P. shall produce the documents described in Exhibit "A" to this notice that are in its possession, custody, or control no later than noon on September 11, 2025 to Langley & Banack, Inc., 745 E. Mulberry, Suite 700, San Antonio, Texas 78212.

Dated:  August 22, 2025.

Respectfully submitted,

LANGLEY & BANACK, INC.
745 E. Mulberry, Suite 700
San Antonio, TX  78212
Telephone: (210) 736-6600
Facsimile: (210) 736-5889


By: ____/s/ Allen M. DeBard_____
     ALLEN M. DEBARD
     State Bar No. 24065132
     adebard@langleybanack.com

**ATTORNEYS FOR SASHA CRANE**

**CERTIFICATE OF SERVICE**

     I hereby certify that on August 22, 2025, a true and correct copy of the above and foregoing instrument was sent by email to and through the Court's CM/ECF filing system on:

Counsel for Debtor
**Johnie J Patterson**
Walker & Patterson, P.C.
P.O. Box 61301
Houston, TX 77208-1301
713-956-5577
Fax: 713-956-5570
Email: jjp@walkerandpatterson.com

Chapter 7 Trustee
**Catherine Stone Curtis**
McGinnis Lochridge
P.O. BOX 720788
McAllen, TX 78504
956-489-5958

Counsel for Robert Crane
**Nathaniel Pete Holzer**
1734 Santa Fe Street
Corpus Christi, Texas 78404
pete@npholzerlaw.com

     ____/s/ Allen M. DeBard_____
     ALLEN M. DeBARD

# EXHIBIT A

# DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

1. <u>Parties</u>.  The term "Debtor" shall mean **RNS-Crane, L.L.P.**

2. <u>You/your</u>.  The terms "you" and "your" mean RNS-Crane, L.L.P. and its agents, representatives, attorneys, experts, and other persons acting or purporting to act on its behalf, with respect to any matter inquired about in this Examination, including, but not limited to, all such employees, consultants, sureties, indemnitor, insurers or agents, **but does not include its attorney or experts hired or retained purely for purposes of consultation with respect to this Bankruptcy Case and whose work product and/or opinions have not been reviewed by a testifying expert.**

3. <u>Material</u>.  The term "material" means all documents, electronically stored information, or tangible things. The term is synonymous with and equal in scope to the terms "documents," "electronically stored information," and "tangible things" in Fed. R. Civ. P. 34(a)(1). A draft or non-identical copy of a document, electronically stored information, or a tangible thing is a separate item within the meaning of this term.

a. <u>Document</u>. The term "document" means information that is fixed in a tangible medium, such as paper. It includes, but is not limited to, printed, written, recorded, taped, graphic or other tangible matter, from whatever source, whether or not sent or received, including, but not limited to, the original and any non-identical copy (whether different from the original because of notes made on or attached to such copy or otherwise) of any and all writings, letters, correspondence, communications, computer printouts, telegraphs, advices, orders, confirmations, credit cards, contracts, agreements, estimates, notes, opinions, memoranda, studies, filings, minutes of meetings, reports, receipts, statements or books of accounts, analyses, projections, diaries, desk pads, calendars, transcripts, ledgers, registers, work sheets, summaries, digests, cancelled or uncancelled checks or drafts, notes or other negotiable or non-negotiable instruments, securities, safe deposit records, financial statements, newspaper or magazine articles, and other records and documentary materials of any nature. The executed copies of contracts or other multi-party agreements should be produced unless the individual or entity being examined does not have possession, custody or control of same, in which the unexecuted document should be produced.

b. <u>Electronically stored information</u>. The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that are electronically stored.

(1) "Electronic file" includes, but is not limited to, the following: voicemail messages and files; e-mail messages and files; deleted files; temporary files; system-history files; Internet- or web-browser-generated information stored in textual, graphical, or audio format,

including history files, caches, and cookies; computer-activity logs; metadata. Unless otherwise defined, each example used to illustrate the term "electronic file" will have the meaning assigned to it by the *Sedona Conference Glossary: E-Discovery & Digital Information Management (Third Edition)*.

(2) "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage. Unless otherwise defined, each example used to illustrate the term "electronic information system" will have the meaning assigned to it by *the Sedona Conference Glossary: E-Discovery & Digital Information Management (Third Edition) (2010)*.

(3) "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards). Unless otherwise defined, each example used to illustrate the term "electronic storage" will have the meaning assigned to it by the *Sedona Conference Glossary: E-Discovery & Digital Information Management (Third Edition) (2010)*.

c. <u>Tangible thing</u>. The term "tangible thing" means a physical object that is not a document or electronically stored information.

4. <u>Communication</u>. The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise from one person or entity to another person or entity, regardless of whether written or oral, or whether by direct communication or through a third party

5. <u>Relating</u>. The term "relating" means concerning, referring, describing, evidencing, or constituting, either directly or indirectly.

6. <u>Any</u>. The term "any" should be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

7. <u>And/or</u>. The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

8. <u>Number</u>. The use of the singular form of any word includes the plural and vice versa.

## REQUESTS FOR PRODUCTION

1. Documents relating to the claim of Robert H. Crane scheduled in the amount of $2,704,908.05.

2. The corporate documents for the Debtor, partnership including certificates of formation/articles of corporation/formation; registrations with the Texas Secretary of State; bylaws, limited liability operating agreements; partnership agreements; stock holder agreement; minutes; and stock, membership or other ledgers regarding ownership from January 1, 2020 to present.

3. All United States Income Tax returns filed by the Debtor, either separately or jointly with others, for years 2020 through present.

4. The Debtor's applications for loans and/or debt from January 1, 2020 to present, including but not limited to, applications for Paycheck Protection Program loans.

5. The Debtor's general ledgers for tax years 2020 through present.

6. Promissory notes and/or other written debt instruments between the Debtor and Robert H. Crane.

7. Engagement letters between the Debtor and any law firm representing the Debtor in litigation pending at the time of Debtor's bankruptcy filing.

8. Any agreements between the Debtor and Robert H. Crane.

9. Any agreements between the Debtor and SCC Services Corporation.

10. Any agreements between the Debtor and Autowash Corp.

11. Any agreements between the Debtor and CCN Services Corporation.

12. Any agreements between the Debtor and Margo and Jones, Inc.

13. All bank statements and check registers from any and all bank accounts in the Debtor's name from January 1, 2020 to present, whether said accounts are now open or closed.

14. All documents containing or referring in any way, directly or indirectly, to the names and addresses of persons who have served as bookkeepers or financial advisers for the Debtor during the last four (4) years.

15. All documents referring in any way, directly or indirectly, to each person or entity to whom the Debtor has paid, given, or conveyed any real or personal property of a value more than $200 in the last four (4) years, not in the regular course of business.

16. All financial statements, including balance sheets and profit and loss statements, issued within the last four (4) years by the Debtor.

4900-3483-2994, v. 1                                                                                                                        L & B 29236/0002